UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNETTA MATTHEWS

VERSUS

NATIONAL LIABILITY & FIRE
INSURANCE COMPANY

CIVIL ACTION

NO. 16-670-JJB-EWD

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 11, 2017.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Erin Wilder-Doomes_

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**ERIN WILDER-DOOMES**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNETTA MATTHEWS

VERSUS

NATIONAL LIABILITY & FIRE
INSURANCE COMPANY

CIVIL ACTION

NO. 16-670-JJB-EWD

## RECOMMENDATION

This case was removed to the Middle District of Louisiana on October 7, 2016 on the basis of diversity jurisdiction.[1] On November 21, 2016, the undersigned issued a Notice and Order raising the issue of subject matter jurisdiction *sua sponte* and requiring the parties to submit memoranda focused on the issue of whether the requisite amount in controversy was met.[2] Plaintiff has since submitted a Stipulation that her damages do not exceed $75,000[3] and Defendant has submitted a Memorandum Regarding Subject Matter Jurisdiction indicating that it does not oppose remand in light of the Stipulation.[4] For the reasons set forth herein, the undersigned recommends that this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

### Factual Background

Plaintiff brings claims against her un-/underinsured motorist insurance carrier, National Liability & Fire Insurance Company ("Defendant" or "NFLIC") for failure to pay amounts Plaintiff claims she is due under Defendant's Policy.[5] In her Petition for Damages, Plaintiff also alleges that she is entitled to penalties and attorney's fees because she submitted satisfactory proof of loss in writing to Defendant and Defendant failed to pay a reasonable portion and/or any of the remaining medicals of the claim as required

---

[1] R. Doc. 1.
[2] R. Doc. 6.
[3] R. Doc. 7.
[4] R. Doc. 8.
[5] R. Doc. 1-2.

2

by La. R.S. 22:1821 and La. R.S. 22:1973.[6] Plaintiff further alleges that she has received two settlement offers from Defendant, receiving an offer to settle for $20,000 on July 6, 2016 and a second offer to settle for $25,000 on August 1, 2016.[7] Plaintiff claims she had not received a tender of either amount as of the date of the Petition.

In the Joint Status Report, Plaintiff asserts that she received a tender of $20,000 from Defendant on September 27, 2016, but as of the date of the Joint Status Report, she had not received the remaining $5,000 on the $25,000 offer to settle.[8] Plaintiff alleges that because she submitted satisfactory proof of loss in writing to Defendant and Defendant failed to timely tender the amount offered in settlement, she is entitled to an award for penalties and attorney's fees under La. R.S. 22:1821 and/or La. R.S. 22:1973.[9] In contrast, Defendant asserts that its $20,000 payment is sufficient to compensate Plaintiff for all of her injuries caused by the underlying car accident that is the subject of this lawsuit.[10] Defendant asserts that Plaintiff cannot meet her burden of proving she is entitled to penalties and attorney's fees because Defendant has not received satisfactory proof of loss.[11] Defendant further asserts that it is entitled to a credit of $20,000 for the amount it has already paid to Plaintiff, "plus $942.00 received by the plaintiff from Allstate, plus $5,000.00 received by the plaintiff from State Farm, plus any other amount the plaintiff has received or may receive in the future against any ward that may be made to the plaintiff."[12]

Although the parties originally claimed that the amount in controversy exceeds $75,000 in this case, Plaintiff asserted in the Joint Status Report that she has only incurred special damages in the amount

---

[6] *Id.* at ¶ 6.
[7] *Id.* at ¶¶ 15-16.
[8] R. Doc. 5 at p. 2.
[9] *Id.*
[10] *Id.*
[11] *Id.* at pp. 2-3.
[12] *Id.* at 3. The Joint Status Report provides that Allstate Insurance Company insured the owner of the other vehicle involved in the underlying accident (R. Doc. 5 at 1), but it does not explain State Farm's involvement in the case.

3

of $12,607.00, which represents the amount of her medical bills.[13] Plaintiff further claimed that MRI's of her neck and back revealed a disc bulge in her cervical spine at C5-6 and C6-7 and a disc bulge in her lumbar spine at L4-5 and L5-S1.[14] Defendant asserted that Plaintiff's damages do not exceed the amount of money that she has already collected in this case ($20,000).

Based on the information in the record, the Court could not determine whether the requisite amount in controversy is met in this case. Accordingly, the Court *sua sponte* raised the issue of subject matter jurisdiction.[15] The Plaintiff has now filed a Stipulation that her damages do not exceed $75,000[16] and the Defendant has indicated in its Memorandum Regarding Subject Matter Jurisdiction that it does not oppose remand under these facts.[17]

**Law and Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), when original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed

---

[13] *Id.* at 4.
[14] *Id.*
[15] R. Doc. 6.
[16] R. Doc. 7.
[17] R. Doc. 8.

4

and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice ... does not permit demand for a specific sum ... [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). "In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists." *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)). The removing party may make this showing by either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 73 F.3d 1326, 1335 (5th Cir. 1995)).

Here, National Liability & Fire Ins. Co. ("NFLIC"), the removing Defendant, has not met its "burden to show that the jurisdictional amount is facially apparent for present purposes, nor…made a showing sufficiently particularized to meet [their] burden." *Becnel v. State Farm Fire & Cas. Co.*, 2007 WL 4570821, at *1 (E.D.La. Dec. 26, 2007). To the contrary, NLFIC recognizes that it does not appear the amount in controversy is met in this case and does not oppose remand to state court in light of Plaintiff's Stipulation that her damages do not exceed $75,000.[18]

"This court routinely remands cases to state court where the parties file a joint or uncontested motion to remand based on a stipulation that the amount in controversy does not exceed the jurisdictional

---

[18] R. Doc. 8.

amount." *Jackson v. Perez*, 2013 WL 5741757, at * 2 (M.D. La. Oct. 22, 2013) (citing, *inter alia*, *Eakels v. Allstate Ins. Co.*, 2011 WL 289824 (M.D. La. Jan. 3, 2011) (recommending remand of case where neither the petition nor the notice of removal established the amount in controversy and the plaintiff stipulated that her damages were less than $75,000.00), report and recommendation adopted, 2011 WL 289669 (M.D. La. Jan. 25, 2011)); *Bennet v. State Farm Fire & Cas. Co.*, 2011 WL 2932512 (M.D. La. June 3, 2011) (in spite of defendant's opposition, recommending remand of case where neither the petition nor the notice of removal established the amount in controversy and the plaintiffs submitted a binding stipulation providing that the amount in controversy was less than $75,000.00 and renouncing their rights to enforce a judgment exceeding that amount), report and recommendation adopted, 2011 WL 2843051 (M.D. La. July 18, 2011). *See also*, *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 275 (E.D. La. 2008) ("The Court has consistently recognized that even if a stipulation may not be 'binding' for purposes of La. Code Civ. P. art. 862…it is, nonetheless, strong evidence of the jurisdictional amount….").

### Recommendation

As the parties have now submitted evidence to indicate the necessary amount in controversy is not met in this case, it is the recommendation of the Magistrate Judge that this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on January 11, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**